T.C. Summary Opinion 2010-9

UNITED STATES TAX COURT

BARRY MAMOUDOU, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28939-08S.                    Filed January 26, 2010.

<u>Christopher Duling</u>, for petitioner.

<u>Jack T. Anagnostis</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $5,069.75 in petitioner's 2007 Federal income tax. The issue for decision is whether petitioner is entitled to dependency exemption deductions for the two children claimed on his 2007 Federal income tax return.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. When petitioner filed his petition, he resided in Pennsylvania.

Petitioner timely filed his Federal income tax return for 2007 as a head of household. On his return he claimed: (1) Two dependency exemption deductions; (2) the earned income tax credit; and (3) a child tax credit and an additional child tax credit. Respondent issued to petitioner a notice of deficiency changing petitioner's filing status to single and disallowing the claimed deductions and credits.[1]

In 2007 petitioner lived with the mother of the two children he claimed as dependents on his 2007 Federal income tax return.

---

[1]At trial petitioner conceded that he is not entitled to head of household filing status, the earned income tax credit, or the child tax credit and additional child tax credit.

He was not the biological father of the children, nor was he married to their mother.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[2]  Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed.  Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

### II. Dependency Exemption Deduction

Section 151(c) allows a taxpayer to deduct an annual "exemption amount for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year." Section 152(a) defines dependent as a "qualifying child" or a "qualifying relative."  Petitioner is not related to the children and they are not his qualifying children; however, he contends

---

[2]Petitioner has not claimed or shown that he meets the requirements under sec. 7491(a) to shift the burden of proof to respondent as to any factual issue relating to his liability for tax.

that the children are his qualifying relatives under section 152(d).

In pertinent part, section 152(d) provides that an individual is a qualifying relative of the taxpayer if: (1) That individual has the same principal place of abode as the taxpayer and is a member of the taxpayer's household; (2) the taxpayer provides over one-half of the individual's support for that year; and (3) that individual is not the qualifying child of the taxpayer or of any other taxpayer for that year. Sec. 152(d)(1) and (2)(H). Respondent stipulates that the children lived with petitioner during the year and that the children did not earn income in 2007.

Petitioner's girlfriend, who is the mother of the children and with whom petitioner lived in 2007, was entitled to claim the children as her qualifying children in 2007. See sec. 152(c)(1). Accordingly, these children are not petitioner's qualifying relatives for 2007, and respondent's determination is sustained. See sec. 152(d)(1)(D).

To reflect the foregoing,

Decision will be entered

for respondent.